JULIE A. DUNNE, Bar No. 160544
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302
E-mail: jdunne@littler.com

DOMINIC J. MESSIHA, Bar No. 204544
MATTHEW J. SHARBAUGH, Bar No. 260830
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
E-mail: dmessiha@littler.com;
msharbaugh@littler.com

Attorneys for Defendant
NORDSTROM, INC.

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

11 JAN 20 PH 2:58

BY: ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FAINE DAVIS, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

NORDSTROM, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. CV11 0609 PA (AGRx)

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT NORDSTROM, INC.

[28 U.S.C. §§ 1332, 1441, 1446]

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2  **CENTRAL DISTRICT OF CALIFORNIA, AND PLAINTIFF FAINE DAVIS**

3  **AND HER ATTORNEYS OF RECORD:**

4      PLEASE TAKE NOTICE that Defendant Nordstrom, Inc. ("Nordstrom" or

5  "Defendant") hereby removes the above-captioned action from the Superior Court of

6  California for the County of Los Angeles to the United States District Court for the

7  Central District of California.  This removal is based on 28 U.S.C. sections 1332(d),

8  1441 and 1446, and specifically, on the following grounds:

9  **STATEMENT OF JURISDICTION**

10      1.      This Court has original jurisdiction over this action pursuant to the Class

11  Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d).  In relevant part,

12  CAFA grants district courts original jurisdiction over civil class actions filed under

13  federal or state law in which any member of a class of plaintiffs is a citizen of a state

14  different from any defendant, and where the amount in controversy for the putative

15  class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of

16  interest and costs.  As set forth below, this case meets all of CAFA's requirements for

17  removal and is timely and properly removed by the filing of this Notice.

18  **VENUE**

19      2.      The action was filed in Superior Court of California for the County of

20  Los Angeles.  Thus, venue properly lies in the United States District Court for the

21  Central District of California.  *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

22  **PLEADINGS, PROCESS AND ORDERS**

23      3.      On December 17, 2010, Plaintiff Faine Davis ("Plaintiff"), on behalf of

24  herself and all others similarly situated, filed a class action complaint in the Superior

25  Court of California for the County of Los Angeles, entitled *FAINE DAVIS,*

26  *individually and on behalf of all others similarly situated v. NORDSTROM, INC., and*

27  *DOES 1 through 50, inclusive,* Case No. BC451594 (herein referred to as the

28  "Complaint").  As alleged in her Complaint, the putative class Plaintiff seeks to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1.

represent consists of: "All persons who were employed as Department Managers by Defendant in one or more of its Nordstrom retail locations in California at any time on or after December 17, 2006." (Compl. ¶ 21.)

4.    Plaintiff's Complaint sets forth five (5) purported causes of action for: (1) Unlawful Failure to Pay Overtime Wages (Violation of IWC Wage Order 7 and Labor Code §§ 510, 1194 and 1198); (2) Failure to Provide Meal and Rest Periods (California Labor Code § 226.7 and 512); (3) Failure to Provide Accurate Itemized Wage Statements (California Labor Code § 226 and 1174); (4) Failure to Pay Wages on Termination (California Labor Code § 203); and (5) Unfair Business Practices under the Unfair Competition Act (California Business & Professions Code §§ 17200-17208). (*See* Compl.)  A true and correct copy of the Summons and Complaint is attached to this Notice as **Exhibit A.**

5.    On January 4, 2010, the Superior Court issued an Order designating this matter as non-complex and reassigning the matter to Department 35 of the Los Angeles Superior Court.  A true and correct copy of this Order is attached to this Notice as **Exhibit B.**

6.    As of the date of this Removal, no other defendants have been named or served with a copy of the Complaint.

7.    Nordstrom did not answer Plaintiff's Complaint in Los Angeles Superior Court prior to removal.  Moreover, to Nordstrom's knowledge, no other pleadings, process or orders related to this case have been filed in Los Angeles Superior Court.

**TIMELINESS OF REMOVAL**

8.    This Notice of Removal is timely, in that 28 U.S.C. section 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint.  28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint).  Plaintiff filed her Complaint in Los Angeles Superior Court on December 17, 2010,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

1  and Nordstrom was subsequently served with a copy of the Summons and Complaint

2  on December 21, 2010. As such, this Notice of Removal is timely.

### DIVERSITY JURISDICTION PURSUANT TO CAFA

4  9.  CAFA grants federal district courts original jurisdiction over civil class

5  action lawsuits filed under federal or state law in which any member of a class of

6  plaintiffs is a citizen of a state different from any defendant, and where the matter's

7  amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28

8  U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28

9  U.S.C. § 1446.  As set forth below, this case meets each CAFA requirement for

10  removal, and is timely and properly removed by the filing of this notice.

11  10.  Specifically, this Court has jurisdiction over this case under CAFA

12  because it is a civil class action wherein: (1) the proposed class contains at least 100

13  members; (2) Defendant is not a state, state official or other governmental entity; (3)

14  there is diversity between at least one class member and one defendant; and (4) the

15  amount in controversy for all class members exceeds $5 million.

### THE PROPOSED CLASS CONTAINS MORE THAN 2,100 MEMBERS

17  11.  The class Plaintiff seeks to represent consists of "[a]ll persons who were

18  employed as Department Managers by Defendant in one or more of its Nordstrom

19  retail locations in California at any time on or after December 17, 2006." (Compl. ¶

20  21.).  In this regard, the proposed class of employees within this category, as defined

21  by Plaintiff's Complaint, consists of more than 2,100 members.  (Declaration of Janis

22  Walsh in Support of Notice of Removal ("Walsh Decl.") ¶ 7.)

### NORDSTROM IS NOT A GOVERNMENTAL ENTITY

24  12.  Nordstrom is not a state, a state official or any other governmental entity.

### PLAINTIFF'S CITIZENSHIP IS DIVERSE FROM NORDSTROM'S CITIZENSHIP

27  13.  CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any

28  member of a class of plaintiffs is a citizen of a State different from any defendant." 28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1    U.S.C. §§ 1332(d)(2)(A); 1453(b); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th

2    Cir. 2005).

3         14.    Here, minimal diversity of citizenship exists because Plaintiff and

4    Nordstrom are citizens of different states, in that Plaintiff is a California citizen and

5    Nordstrom is a citizen of the State of Washington.

6         15.    **Plaintiff's Citizenship.**   Plaintiff is a citizen of the State of California.

7    Plaintiff's current address of record on file with Nordstrom—her present employer—

8    is in Redondo Beach, California, where she resides. (Walsh Decl. ¶ 4.)   For diversity

9    purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v.*

10   *Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also Kanter v. Warner-*

11   *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is

12   the place she resides with the intention to remain).   Accordingly, Plaintiff is a citizen

13   of the State of California.

14        16.    **Nordstrom's Citizenship.**    Turning to Nordstrom's citizenship, for

15   diversity purposes, a corporation "shall be deemed a citizen of any State by which it

16   has been incorporated and of the State where it has its principal place of business." 28

17   U.S.C. § 1332(c)(1).   In this regard, Nordstrom was, at the time of the filing of this

18   action, and remains, a citizen of the State of Washington.

19        17.    Nordstrom is incorporated in the State of Washington and its principal

20   place of business is in Seattle, Washington. (Walsh Decl. ¶ 2.)

21        18.    As to the latter aspect of the corporate citizenship analysis, the United

22   States Supreme Court recently addressed the varying approaches to the "principal

23   place of business" analysis and announced a single, uniform test to be applied in

24   making such a determination. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192, 175

25   L. Ed. 2d 1029 (U.S. 2010).   Specifically, the Court held that the "nerve center" test

26   should be used to determine a corporation's "principal place of business." *Id.*

27        19.    To this end, a corporation's "nerve center" is normally located where the

28   corporation maintains its corporate headquarters and where the "corporation's officers

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

1  direct, control, and coordinate the corporation's activities." *Id.*   In other words, a

2  corporation's "principal place of business" can be found where its "brain" is located.

3  *Id.* at 1193.   This analysis focuses on the place at which the corporation's executive

4  and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*,

5  912 F.2d 1090, 1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*,

6  710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining,

7  among other factors, where the corporation's headquarters are located and where its

8  principal policy and executive decisions are made).

9       20.    Applying the above analysis, the principal place of business, or "nerve

10  center," of Nordstrom is indisputably located in Seattle, Washington.   Indeed,

11  Nordstrom's corporate headquarters are located in Washington and nearly all of the

12  executive and administrative functions of Nordstrom are carried out at its Washington

13  headquarters location.  (Walsh Decl. ¶ 3.)

14       21.    Accordingly, Nordstrom is not a citizen of California, but rather it is a

15  citizen of Washington, for purposes of determining diversity of citizenship. *See, e.g.*,

16  *Breitman v. May Co.*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation was citizen of

17  state in which its corporate headquarters were located and where its executive and

18  administrative functions were performed).

19       22.    Defendants Does 1 through 50 are fictitious.  The Complaint does not set

20  forth the identity or status of any fictitious defendants, nor does it set forth any

21  charging allegation against any fictitious defendants.    Thus, pursuant to Section

22  1441(a), the citizenship of defendants sued under fictitious names must be disregarded

23  for purposes of determining diversity jurisdiction and cannot destroy the diversity of

24  citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157

25  F.3d 686, 690-91 (9th Cir. 1998).

26       23.    Accordingly, because Plaintiff is a citizen of a State different from

27  Nordstrom, minimal diversity exists for purposes of establishing CAFA jurisdiction.

28  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.

**THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

24.    This Court has jurisdiction under CAFA, which authorizes the removal of a class action in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

25.    Notably, Plaintiff's Complaint is silent as to the amount in controversy for the alleged class in the aggregate. Under CAFA, where a complaint "fails to plead a specific amount of damages, the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007) (quoting *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006)).

26.    To this end, Nordstrom can establish the amount in controversy by relying upon the allegations in the Complaint, and by setting forth facts in the Notice of Removal that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("[T]he requirement under CAFA that the amount in controversy exceed $5,000,000 in the aggregate may be established either from the viewpoint of the plaintiff or the viewpoint of the defendant."). Further, in addition to the contents of the removal petition, the Court properly considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations, in assessing the amount in controversy. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

27.    In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff in all claims asserted in her Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

6.

1    anything, Defendant will actually owe. *Rippee*, 408 F. Supp. 2d at 986; *see also*

2    *Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir.

3    2003) (recognizing that the ultimate or provable amount of damages is not what is

4    considered in the removal analysis; rather, it is the amount put in controversy by the

5    plaintiff's complaint).

6        28.    Nordstrom denies the validity and merit of the entirety of Plaintiff's

7    alleged claims, the legal theories upon which they are ostensibly based and the alleged

8    claims for monetary and other relief that flow therefrom. However, for purposes of

9    removal only, and without conceding that Plaintiff or the putative class is entitled to

10   any damages or penalties whatsoever, it is readily apparent—even when assessing

11   only a fragment of the putative class as defined by Plaintiff—that the aggregated

12   claims of the putative class establish an amount in controversy well in excess of the

13   jurisdiction minimum of $5,000,000.

14       29.    In her Complaint, Plaintiff asserts a variety of alleged claims on behalf of

15   herself and the putative class she seeks to represent, and in turn, she seeks, among

16   other remedies: (1) compensation for overtime wages owed (Compl. ¶¶ 32-41); (2)

17   penalties for missed meal breaks and rest breaks (Compl. ¶¶ 42-52); (3) penalties for

18   allegedly inaccurate wage statements (Compl. ¶¶ 53-59); and (4) waiting time

19   penalties under Labor Code section 203 (Compl. ¶¶ 60-68), among other claims.[1]

20       30.    **Unpaid Overtime Wages.**  Plaintiff's unpaid overtime claim is based on

21   her allegation that she and the putative class worked "on many occasions, in excess of

22   8 hours in a workday and/or 40 hours in a workweek," and that "Defendant refused to

23   compensate the Representative Plaintiff and Class Members for all of the overtime

24   wages earned." (Compl. ¶¶ 33-34.) Although the Complaint does not provide

25   specifics as to how frequently this alleged conduct occurred, Merriam-Webster

26   defines "many" as "consisting of or amounting to a large but indefinite number."

---

[1]  Plaintiff also seeks equitable relief and restitution for Nordstrom's alleged "unlawful" activities, per Business and Professions Code § 17200. (Compl. ¶¶ 65-68.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

31.   Moreover, Nordstrom periodically surveys its management employees regarding their work hours and job duties.  As a Department Manager, Plaintiff was one of the employees who completed these surveys. (Walsh Decl. ¶ 5.)  In her most recent three surveys, Plaintiff responded that she worked approximately 45 hours per week (in the January 15, 2010 survey), 45.5 hours per week (in the October 22, 2010 survey), and 45.5 hours per week (in the   January 17, 2011 survey).   (*Id.*)  Accordingly, although Plaintiff's Complaint does not allege an express number of overtime hours she and the putative class members purportedly worked each week, these duty surveys are strong evidence of the specific allegations underlying Plaintiff's alleged overtime claim—*i.e.*, that she is seeking at least 5 hours of allegedly unpaid overtime per week.

32.   Plaintiff's Complaint asserts that the putative class period for her alleged overtime claims is from December 17, 2006 through the present.  (Compl. ¶ 21.)  Moreover, as set forth above, the putative class Plaintiff seeks to represent is comprised of more than 2,100 individuals.  (Walsh Decl. ¶ 7.)  For purposes of this analysis, Nordstrom remains conservative in its estimates.  Accordingly, Nordstrom only considers those potential class members who were employed throughout the entire one year period from December 2009 through December 2010, and only considers potential overtime claims with respect to this one year period.

33.   In this regard, of the total putative class of more than 2,100 individuals, 655 employees, including Plaintiff, were continuously employed throughout the entire year from December 2009 through December 2010 (a one year segment of the putative four-year class period).  (*Id.* ¶ 8.)   Accordingly, the overtime analysis does not include potential remedies available to these 655 individuals for any time period outside of this one year snapshot (*i.e.*, additional potential overtime claims from December 2006 through December 2009), and this analysis does not include any potential overtime remedies that might be recoverable by the more than 1,400 other

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

8.

1   putative class members, who were not continually employed during this one-year

2   snapshot of the putative class period.

3       34.   To this end, conservatively assuming that these 655 putative class

4   members are each owed two (2) to three (3) hours of overtime per week—well below

5   the five (5) hour estimate Plaintiff set forth in her duty surveys—the amount of

6   overtime hours at issue is between 104 and 156 overtime hours per employee (2-3

7   unpaid overtime hours per week x 52 weeks).   Applying these figures to the 655

8   putative class members who were full-time employees throughout the entire one-year

9   period from December 2009 through December 2010, this places a minimum of

10  68,120 – 102,180 overtime hours at issue (655 x 104 = 66,810; 655 x 156 = 102,180).

11      35.   To then determine the monetary amount at issue, the total number of

12  hours listed above must be multiplied by 1.5 times the employees' average hourly rate

13  for each hour of unpaid overtime.   The average hourly-wage equivalent[2] of the

14  putative class is $17.62 per hour.  (Walsh Decl. ¶ 7.)

15      36.   One and one-half times the average hourly rate of $17.62 for putative

16  class members is $26.43 (17.62 x 1.5).   Thus, with 655 putative class members

17  continuously employed during this one-year limited period from December 2009

18  through December 2010, and assuming two (2) to three (3) hours of overtime per

19  week per employee (*i.e.*, 104-156 total hours of overtime per employee), just a portion

20  of the overtime amount at issue ranges between **$1,800,411 and $2,700,617** for this

21  fragment of the putative class Plaintiff seeks to represent (26.43 x 655 x 104 =

22  $1,800,411; 26.43 x 655 x 156 = $2,700,617), separate and apart from any applicable

23  penalties, interest and attorneys' fees.

24      37.   Thus, conservatively estimating only two (2) to three (3) hours of missed

25  overtime pay per week per employee, and only including individuals employed

26
27
28

[2] The vast majority of the putative class Plaintiff seeks to represent was paid on a salary basis, and therefore for purposes of estimating the potential amount in controversy, these salary amounts were divided by 2,080 hours (which assumes 40 hours per week, 52 weeks per year).

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1    continuously during one year (December 2009 through December 2010) of the

2    putative four-year class period, the amount in controversy with regard to Plaintiff's

3    alleged overtime claim is at least between **$1,800,411 and $2,700,617.**

4        38.   **Missed Meal And Rest Breaks.**   Plaintiff's Complaint also seeks to

5    recover penalties for missed meal and rest breaks on behalf of herself and the putative

6    class.   Although Plaintiff's Complaint is also silent as to the number of purported

7    missed meal and rest breaks, she alleges that Nordstrom "consistently" failed to

8    provide uninterrupted thirty-minute meal periods and uninterrupted ten-minute rest

9    periods.   (Compl. ¶ 49.)   Merriam-Webster defines "consistently" as "marked by

10   harmony, regularity, or steady continuity: free from variation or contradiction."

11   Plaintiff contends that she and the putative class are entitled to recover "one additional

12   hour of pay at the employee's regular rate of compensation" for each missed meal

13   and/or rest period. (Compl. ¶ 44.); *See* CAL. LABOR CODE § 226.7.

14       39.   As with Plaintiff's alleged overtime claim, her Complaint alleges that the

15   putative class period for her purported missed meal and rest period claims runs from

16   December 17, 2006 through the present.   However, for purposes of removal,

17   Nordstrom continues with its very conservative estimates and only assesses those 655

18   putative class members who were continuously employed during the one-year period

19   from December 2009 through December 2010, and only considers potential missed

20   meal and rest period claims with respect to this one-year period.   Accordingly, this

21   analysis does not include potential damages available to these 655 individuals for any

22   time period outside of this one-year snapshot (*i.e.*, potential damages for alleged

23   missed meal and/or rest breaks from December 2006 through December 2009), and

24   this analysis does not include any potential meal and/or rest period damages that

25   might be recoverable by the more than 1,400 other putative class members who were

26   not continuously employed during the one-year period (of the four-year putative class

27   period) that was analyzed.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

10.

40.     With respect to this limited time period and this limited segment of putative class members, Nordstrom conservatively assumes that Plaintiff and these putative class members missed at least one meal period and at least one rest break per week from December 17, 2009 through December 17, 2010, or 52 weeks. Accordingly, at a minimum, the total number of missed meal periods at issue for this limited period is 52 per employee, and the total number of missed rest periods during this limited period is 52 per employee.  Taking into account the 655 potential class members that were continuously employed during this one-year period, and applying the $17.62 average hourly-rate as set forth above, this places at least **$600,137** in controversy with regard to Plaintiff's alleged meal period claim.  ($600,137 = 17.62 x 52 x 655).  Similarly, this also places at least **$600,137** in controversy with regard to Plaintiff's alleged rest break claim.  ($600,137 = 17.62 x 52 x 655).

41.     **Wage Statement Penalties.**   Plaintiff further seeks to recover penalties on behalf of herself and the putative class members under Labor Code section 226(a), based on Defendant's purported failure to furnish accurate, itemized wage statements. (Compl. 53-59.) In this regard, the Labor Code provides for a potential penalty of $50 for the first violation, per employee, and $100 for each subsequent violation, per employee.  CAL. LABOR CODE § 226(e).  This alleged claim is subject to a one-year statute of limitations.   See CAL. CIV. PROC. CODE. § 340 (one-year statute of limitations govern claims for penalties); *see also Murphy v. Kenneth Cole Prods., Inc.* (2007) 40 Cal. 4th 1094, 1118 n.16 (confirming that claims for itemized wage statement violations are governed by a one-year statute of limitations).

42.     Nordstrom pays the management employees within the putative class two times per month, resulting in 24 pay periods per year. (Walsh Decl. ¶ 6.)  Therefore, assuming Plaintiff and the putative class members would be entitled to recover for violations in each pay period from December 17, 2009 through December 17, 2010, the recovery per employee would be $2,350.  ($50 x 1 for the first violation per employee, plus $100 x 23 for each subsequent violation.)  There are at least 655

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

putative class members who were employed by Nordstrom through this entire one year period, and could therefore be entitled to the maximum available penalty. (Walsh Decl. ¶ 8.)  As such, the total potential recovery of penalties under Labor Code section 226 amounts to at least **$1,539,250** ($1,539,250 = 655 x $2,350.).

43.    Of course, this figure does not include those putative class members who were employed during a part of that year (December 2009 through December 2010), but not the entire year.  In this regard, if they prevail, these employees would be entitled to some penalties for alleged wage statement violations, but not the maximum amount.  Accordingly, Nordstrom's estimate as to the potential penalties placed in controversy by Plaintiff's Labor Code section 226 claim is also a conservative figure.

44.    **Waiting Time Penalties.**  In addition, Plaintiff seeks to recover under California Labor Code section 203, which provides for "waiting time penalties" for employees who were not paid all wages owed upon their separation, and whose employment with Nordstrom ended within the three years preceding the filing of the Complaint.  CAL. LABOR CODE § 203; *see also Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389 (2010) (confirming 3-year statute of limitations for Labor Code 203 penalties).  The maximum penalty authorized under Labor Code section 203 is thirty (30) days of wages per employee.  CAL. LABOR CODE § 203

45.    In this regard, of the total putative class members, 547 ceased working at Nordstrom during the relevant time period—at some point after December 17, 2007. (Walsh Decl. ¶ 9.)  The average hourly-wage equivalent of these 547 putative class members was $17.51.  (*Id.*)    Although Plaintiff's Complaint asserts that she and the class members worked more than 8 hours per day "on many occasions," (*see* Compl. ¶ 33), in assessing the amount in controversy, Nordstrom conservatively assumes an 8-hour workday for purposes of estimating potential waiting time penalties.

46.    Accordingly, assuming 8 hours multiplied by the above-listed average hourly rate of $17.51, each putative class member potentially entitled to waiting time penalties would earn $140.08 per day.  Aggregating these daily wages for 30 days,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1    multiplied by the 547 putative class members who ceased working at Nordstrom
2    during the relevant time period, the sum of potential Labor Code § 203 penalties is
3    **$2,298,712.** ($2,298,712 = $140.08 x 30 x 547).

4        47.   **Summary.**  Thus, even having considered only a fragment of the putative
5    class with respect to most of the claims analyzed above—the total potential recovery
6    with regard to the putative class members ranges from **$6,804,024 to $7,704,230,** in
7    addition to potentially recoverable penalties, interest and attorneys' fees, also sought
8    by Plaintiff:

| Plaintiff's Alleged Claim | Amount in Controversy |
| --- | --- |
| Unpaid Overtime Wages | $1,800,411 and $2,700,617 |
| Missed Meal Breaks | $600,137 |
| Missed Rest Breaks | $600,137 |
| Labor Code § 226(a) Penalties | $1,539,250 |
| Waiting Time Penalties | $2,298,712 |
| **Amount in Controversy Subtotal for Portion of the Entire Putative Class** [3] | **$6,838,641 to $7,738,853** |

17       48.   Furthermore, the Court may consider the attorneys' fees that Plaintiff
18   seeks to recover pursuant to Labor Code Sections 1194(a) and other statutory
19   authority, in determining whether the amount in controversy has been satisfied. (*See*
20   Compl., Prayer for Relief.) *See, e.g., Bell v. Preferred Life,* 320 U.S. 238 (1943); *Galt*
21   *G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (properly including

---

[3]   Importantly, these figures represent a ***fraction*** of the potential recovery for
Plaintiff's claims.  Again, with regard to Plaintiff's alleged overtime and missed meal
and rest break claims, Nordstrom only analyzed the potential damages for those class
members continuously employed for the entire year spanning December 2009 though
December 2010, which represents only ***one fourth (1/4)*** of the putative class period.
Accordingly, Nordstrom only assessed Plaintiff's alleged claims for overtime, missed
meal periods and missed breaks for ***655 out of more than 2,100 putative class
members***, and even then, only examined those claims for one year of the four-year
putative class period.  Therefore, at a minimum, the potential amount in controversy
on these claims will certainly be significantly greater were the more than 1,400
additional putative class members factored into this analysis, as well.  Thus,
Nordstrom has readily demonstrated that this case exceeds the jurisdictional CAFA
threshold.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

13.

1  prayer for attorneys' fees in determining amount in controversy where potentially

2  recoverable by statute); *Goldberg v. C.P.C Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.

3  1982) (stating that attorneys' fees may be taken into account to determine

4  jurisdictional amounts).

5        49.    Accordingly, although Nordstrom fully denies Plaintiff's claims of

6  wrongdoing as alleged in her Complaint, the jurisdictional minimum is satisfied for

7  purposes of determining amount in controversy, as it readily exceeds the $5,000,000

8  threshold required under CAFA.

9                    **NOTICE TO PLAINTIFF AND STATE COURT**

10        50.    Contemporaneously with the filing of this Notice of Removal in the

11  United States District Court for the Central District of California, written notice of

12  such filing will be given by the undersigned to Plaintiff's Counsel of Record, Scott

13  Cole & Associates, APC, and a copy of the Notice of Removal will be filed with the

14  Clerk of the Los Angeles Superior Court.

15  Dated:   January 20, 2011                     Respectfully submitted,

16

17

18                                               JULIE A. DUNNE
19                                               DOMINIC J. MESSIHA
                                                 MATTHEW J. SHARBAUGH
20                                               LITTLER MENDELSON
                                                 A Professional Corporation
21                                               Attorneys for Defendant
                                                 NORDSTROM, INC.

22  Firmwide:99537032.5 058713.1029

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

14.

# EXHIBIT A

COPY

BY FAX

**SUMMONS**

**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 17 2010

John A. Clarke, Executive Officer/Clerk

BY_____, Deputy
Nancy Alvarez

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

NORDSTROM, INC., and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

FAINE DAVIS, individually, and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:) | CASE NUMBER<br>(Número del Caso):<br>BC451594 |

Los Angeles Superior Court
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Matthew R. Bainer, Esq., Scott Cole & Associates, 1970 Broadway, Ninth Floor, Oakland, CA 94612

| | | | |
|---|---|---|---|
| DATE:<br>(Fecha) | | Clerk, by<br>(Secretario) _____ NANCY ALV...... | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

DEC 17 2010

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Nordstrom, inc

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other (specify):

4. ☒ by personal delivery on (date): 2/2/16

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



**BY FAX**

Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. #230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
E-mail: mbainer@scalaw.com
E-mail: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 17 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Nancy Alvarez

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| FAINE DAVIS, individually, and on behalf of all others similarly situated, | Case No.  BC451594 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION** |
| NORDSTROM, INC., and DOES 1 through 50, inclusive, | |
| Defendants. | |

Representative Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a class action, brought on behalf of Faine Davis (hereinafter "Representative Plaintiff") and all other persons similarly situated ("Class Members") who are or were employed as salaried Department Managers by defendants Nordstrom, Inc. and Does 1 through 50, inclusive (collectively "Defendant" and/or "Nordstrom") in any Nordstrom retail location in California within the applicable class period. The Representative Plaintiff, on behalf of herself and the Class Members, seeks unpaid wages, including unpaid overtime compensation, compensation for missed meal and rest periods, interest thereon and other penalties, injunctive

1   and other equitable relief, and reasonable attorneys' fees and costs under, inter alia., Title 8 of

2   the California Code of Regulations, California Business and Professions Code §§17200, et seq.,

3   California Code of Civil Procedure §1021.5, and various provisions of the California Labor

4   Code.

5       2.   The Class Period is designated as the time from December 17, 2006 through the

6   date of trial or settlement, based upon the allegation that the violations of California's wage and

7   hour laws, as described more fully below, have been ongoing throughout that time.

8       3.   During the Class Period, Nordstrom has had a consistent policy of (1) permitting,

9   encouraging and/or requiring its allegedly overtime-exempt salaried Department Managers,

10   including the Representative Plaintiff and Class Members, to work in excess of eight hours per

11   day and in excess of forty hours per week without paying them overtime compensation as

12   required by California's wage and hour laws, (2) unlawfully failing to provide the Representative

13   Plaintiff and Class Members statutorily-mandated meal and rest periods, and (3) willfully failing

14   to provide the Representative Plaintiff and the Class Members with accurate semi-monthly

15   itemized wage statements reflecting the total number of hours each worked, the applicable

16   deductions, and the applicable hourly rates in effect during the pay period.

17       4.   In addition, Representative Plaintiff alleges, on information and belief, that

18   Nordstrom has had a consistent policy of willfully failing to pay compensation (including unpaid

19   overtime) in a prompt and timely manner to certain Class Members whose employment with

20   Nordstrom has terminated.

21

22                **INTRODUCTION**

23       5.   Nordstrom Inc. is a publically traded company on the New York Stock Exchange

24   whose principal activity is operating retail stores which offer various forms of merchandise,

25   including clothing, accessories, handbags, jewelry, cosmetics, fragrances and home furnishings.

26   In 2009, Nordstrom reported over 8 billion dollars in revenue.

27       6.   Nordstrom operates more than 450 retail stores across the nation, including the

28   one in which Representative Plaintiff worked as a Department Manager. The Representative

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Plaintiff is informed and believes and, on that basis, alleges that within the Class Period,
2  Nordstrom employed numerous individuals in California in recent years who occupied salaried
3  Department Manager positions at Nordstrom retail locations in California, employment positions
4  which did not, and currently do not, meet any known test for exemption from the payment of
5  overtime wages and/or the entitlement to meal or rest periods.

6      7.    Despite actual knowledge of these facts and legal mandates, Nordstrom has and
7  continues to enjoy an advantage over its competition and a resultant disadvantage to its workers
8  by electing not to pay premium (overtime, meal and rest period wages) and/or "penalty" (a.k.a.
9  "waiting time") wages to its Department Managers at its California retail locations.

10     8.    Representative Plaintiff is informed and believes and, based thereon, alleges that
11  officers of Nordstrom knew of these facts and legal mandates yet, nonetheless, repeatedly
12  authorized and/or ratified the violation of the laws cited herein.

13     9.    Despite Nordstrom's knowledge of Class Members' entitlement to overtime pay
14  and meal and/or rest periods for all applicable work periods, Nordstrom failed to provide the
15  same to the Class Members thereof, in violation of California state statutes, the applicable
16  California Industrial Welfare Commission Wage Order, and Title 8 of the California Code of
17  Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct
18  once and for all.

19

20              **JURISDICTION AND VENUE**

21     10.   This Court has jurisdiction over the Representative Plaintiff's and Class
22  Members' claims for unpaid wages and/or penalties under, *inter alia,* the applicable Industrial
23  Welfare Commission Wage Order, Title 8 of the California Code of Regulations, Labor Code
24  §§201-204, 226.7, 510, 512, 1194, 1198, and/or the California Code of Civil Procedure §1021.5.

25     11.   This Court also has jurisdiction over the Representative Plaintiff's and Class
26  Members' claims for injunctive relief and restitution of ill-gotten benefits arising from
27  Nordstrom's unfair and/or fraudulent business practices under California Business & Professions
28  Code §17200, *et seq.*

1      12.     Venue as to Defendant is proper in this judicial district pursuant to Code of Civil

2     Procedure §395(a). Nordstrom maintains stores within the County of Los Angeles, transacts

3     business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of

4     process. The unlawful acts alleged herein have and have had a direct effect on the Representative

5     Plaintiff and those similarly situated within the State of California and within the City and

6     County of San Francisco. Nordstrom operates said facilities and has employed numerous Class

7     Members in the City and County of San Francisco and throughout counties within the State of

8     California.

9

10                       **PLAINTIFF**

11     13.     Representative Plaintiff Faine Davis is a natural person who has been employed

12     as a Department Manager at Nordstrom stores located in Glendale, Los Angeles and Redondo

13     Beach, California, during the Class Period. Representative Plaintiff is currently employed as a

14     Department Manager at the Nordstrom store located in the South Bay Galleria in Redondo

15     Beach, California.

16     14.     As used throughout this Complaint, the term "Class Members" refers to the

17     Representative Plaintiff herein as well as each and every person eligible for membership in the

18     class of persons as further described and defined herein.

19     15.     At all times herein relevant, the Representative Plaintiff was and is now a person

20     within the class of persons further described and defined herein.

21     16.     The Representative Plaintiff bring this action on behalf of herself and as a class

22     action, pursuant to California Code of Civil Procedure §382, on behalf of all persons similarly

23     situated and proximately damaged by the unlawful conduct described herein.

24

25                     **DEFENDANTS**

26     17.     Representative Plaintiff is informed and believes and, based thereon, alleges that

27     at all times herein relevant defendants Nordstrom, Inc. and Does 1 through 50 did business

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   within the state of California selling a variety of merchandise through its Nordstrom retail

2   locations.

3       18.    The defendants identified as Does 1 through 50, inclusive, are and were, at all

4   relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or

5   each of the remaining defendants. Representative Plaintiff is informed and believes and, on that

6   basis, alleges that at all relevant times herein mentioned, defendants Nordstrom and those

7   identified as Does 1 through 50, inclusive, employed, and/or exercised control over the wages,

8   hours, and/or working conditions of the Representative Plaintiff and Class Members at numerous

9   California locations as identified in the preceding paragraph.

10      19.    The Representative Plaintiff is unaware of the true names and capacities of those

11  defendants sued herein as Does 1 through 50, inclusive and, therefore, sues these defendants by

12  such fictitious names. The Representative Plaintiff will seek leave of Court to amend this

13  Complaint when such names are ascertained. The Representative Plaintiff is informed and

14  believes and, on that basis, alleges that each of the fictitiously-named defendants was responsible

15  in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and

16  that the Representative Plaintiff's and Class Members' damages, as herein alleged, were

17  proximately caused thereby.

18      20.    The Representative Plaintiff is informed and believes and, on that basis, alleges

19  that at all relevant times herein mentioned each of the defendants was the agent and/or employee

20  of each of the remaining defendants and, in doing the acts herein alleged, was acting within the

21  course and scope of such agency and/or employment.

22

23                          **CLASS ACTION ALLEGATIONS**

24      21.    Representative Plaintiff brings this action individually and as a class action on

25  behalf of all persons similarly situated and proximately damaged by Nordstrom's conduct

26  including, but not necessarily limited to, the following Plaintiff Class:

27              "All persons who were employed as Department Managers by
            Defendant in one or more of its Nordstrom retail locations in

28              California at any time on or after December 17, 2006"

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

22.    Nordstrom, its officers, and directors are excluded from the Plaintiff Class.

23.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable:

a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Nordstrom.

b.    Commonality: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)    Whether defendant Nordstrom violated IWC Wage Order and/or Labor Code §510 by failing to pay overtime compensation to its salaried Department Managers who worked in excess of forty hours per week and/or eight hours per day;

2)    Whether defendant Nordstrom violated California Business and Professions Code §17200, et seq. by failing to pay overtime compensation to its salaried Department Managers who worked in excess of forty hours per week and/or eight hours per day;

3)    Whether defendant Nordstrom violated California Labor Code §1174 by failing to keep accurate records of employees' hours of work;

4)    Whether defendant Nordstrom violated California Labor Code §§201-204 by failing to pay overtime wages due and owing at the time that certain Class Members' employment with Defendant terminated;

5)    Whether defendant Nordstrom violated California Labor Code §226 by failing to provide the semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period; and

6)    Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code §203.

c.    Typicality: The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.    Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    impractical for Class Members to seek redress individually for the wrongful
2    conduct alleged herein. Should separate actions be brought, or be required to
     be brought, by each individual Class Member, the resulting multiplicity of
     lawsuits would cause undue hardship and expense for the Court and the
3    litigants. The prosecution of separate actions would also create a risk of
     inconsistent rulings which might be dispositive of the interests of other Class
4    Members who are not parties to the adjudications and/or may substantially
     impede their ability to adequately protect their interests.

5    e.    Adequacy of Representation: The Representative Plaintiff in this class action
           is an adequate representative of the Plaintiff Class in that the Representative
6          Plaintiff's claims are typical of those of the Plaintiff Class and the
           Representative Plaintiff has the same interest in the litigation of this case as
7          the Class Members. The Representative Plaintiff is committed to vigorous
           prosecution of this case and has retained competent counsel who are
8          experienced in conducting litigation of this nature. The Representative
           Plaintiff is not subject to any individual defenses unique from those
9          conceivably applicable to Class Members as a whole. The Representative
           Plaintiff anticipates no management difficulties in this litigation.
10

11                          **COMMON FACTUAL ALLEGATIONS**

12    24.    As described herein, for years Nordstrom has knowingly failed to adequately

13    compensate those employees within the class definition identified above for all wages earned

14    (including premium wages such as overtime wages and/or compensation for missed meal and/or

15    rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby

16    enjoying a significant competitive edge over other retailers.

17    25.    Nordstrom has declined to pay these wages, even upon a Class Member's

18    termination or resignation from employment, in blatant violation of California Labor Code §201

19    and/or §202.

20    26.    California Labor Code §§201 and 202 require Defendant to pay severed

21    employees all wages due and owed to the employee immediately upon discharge or within 72

22    hours of resignation of their positions, in most circumstances. California Labor Code §203

23    provides that an employer who willfully fails to timely pay such wages must, as a penalty,

24    continue to pay the subject employees' wages until the back wages are paid in full or an action is

25    commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

26    27.    Furthermore, despite its knowledge of the Representative Plaintiff' and the Class

27    Members' entitlement to compensation for all hours worked, Defendant violated California

28    Labor Code §1174(d) by failing to provide or require the use, maintenance, or submission of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   time records by members of the class. Nordstrom also failed to provide the Representative

2   Plaintiff and Class Members with accurate semimonthly itemized statements of the total number

3   of hours worked by each, and all applicable hourly rates in effect, during the pay period, in

4   violation of California Labor Code §226. In failing to provide the required documents,

5   Defendant has not only failed to pay its workers the full amount of compensation due but the

6   company has also, until now, effectively shielded itself from its employees' scrutiny by

7   concealing the magnitude and financial impact of its wrongdoing that such documents might

8   otherwise have led workers to discover.

9        28.      Representative Plaintiff and all persons similarly situated are entitled to unpaid

10  compensation, yet, to date, have not received such compensation despite many of the same

11  having been terminated by and/or resigned from Nordstrom. More than 30 days have passed

12  since certain Class Members have left Defendant's employ.

13       29.      As a consequence of Defendant's willful conduct in not paying former employees

14  compensation for all hours worked in a prompt and timely manner, certain Class Members are

15  entitled to up to 30 days wages as a penalty under Labor Code §203, together with attorneys'

16  fees and costs.

17       30.      As a direct and proximate result of Defendant's unlawful conduct, as set forth

18  herein, Representative Plaintiff and Class Members have sustained damages, as described above,

19  including compensation for loss of earnings for hours worked on behalf of Defendant, in an

20  amount to be established at trial. As a further direct and proximate result of Defendant's

21  unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting

22  time" penalties (pursuant to California Labor Code §203) and penalties for failure to provide

23  semimonthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code

24  §226) in an amount to be established at trial. As a further direct and proximate result of

25  Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members

26  are also entitled to recover costs and attorneys' fees pursuant to California Labor Code §1194

27  and/or California Civil Code §1021.5, among other authorities.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

31.     Representative Plaintiff seeks injunctive relief prohibiting Defendant from engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and Class Members under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to recover costs and attorneys' fees, pursuant to statute.

## FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY OVERTIME WAGES
### (Violation of IWC Wage Order 7 and Labor Code §§ 510, 1194, and 1198)

32.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

33.     During the Class Period, the Representative Plaintiff and the Class Members worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek. The precise number of overtime hours will be proven at trial.

34.     During the Class Period, Defendant refused to compensate the Representative Plaintiff and Class Members for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

35.     Moreover, during said time period, many of the Class Members herein were employed by and thereafter terminated or resigned from their positions with Nordstrom yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Nordstrom.

36.     At all relevant times, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code including, but not limited to, California Labor Code §§510, 1194, and 1198.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

37. California Labor Code §510(a), in pertinent part, provides:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee

38. California Labor Code §1194(a), in pertinent part, provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

39. California Labor Code §1198, in pertinent part, provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

40. By refusing to compensate the Representative Plaintiff and Class Members for overtime wages earned, Defendant violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order(s).

41. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and the Plaintiff Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Nordstrom, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
(California Labor Code §§ 226.7 and 512)

42. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

43. At all relevant times, Nordstrom was aware of and was under a duty to comply with California Labor Code §226.7 and §512.

SCOTT, COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

44.    California Labor Code §226.7 provides:

(a)    No employer shall require any employee to work during any meal or rest period mandated by
an applicable order of the Industrial Welfare Commission.

(b)    If an employer fails to provide an employee a meal period or rest period in accordance with
an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

45.    Moreover, California Labor Code §512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

46.    Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

47.    Section 11 of the applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

48. Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

49. By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Representative Plaintiff and the Class Members, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

50. Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to any Class Members due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

51. As a direct and proximate result of Nordstrom unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

52. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (California Labor Code §§ 226 and 1174)

53.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

54.   California Labor Code §226(a) provides:

Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

55.   Moreover, California Labor Code §226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

56.   Finally, California Labor Code §1174(d) provides:

Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

57.   Representative Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions on behalf of themselves and on behalf of all Class Members.

58.   Defendant has failed to provide timely, accurate itemized wage statements to the Representative Plaintiff and Class Members in accordance with Labor Code §226.

1   Representative Plaintiff is informed and believes and, on that basis, alleges that none of the

2   statements provided by Defendant accurately reflected actual gross wages earned, net wages

3   earned, or the appropriate deductions of such Class Members.

4       59.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

5   herein, the Representative Plaintiff and Class Members have sustained damages in an amount to

6   be established at trial, and are entitled to recover attorneys' fees and costs of suit.

7

8           **FOURTH CAUSE OF ACTION**
        **FAILURE TO PAY WAGES ON TERMINATION**

9           **(California Labor Code § 203)**

10       60.    Representative Plaintiff incorporates in this cause of action each and every

11   allegation of the preceding paragraphs, with the same force and effect as though fully set forth

12   herein.

13       61.    California Labor Code §203 provides that:

14           If an employer willfully fails to pay, without abatement or
        reduction, in accordance with Sections 201, 201.5, 202, and 205.5,

15           any wages of an employee who is discharged or who quits, the
        wages of the employee shall continue as a penalty from the due

16           date thereof at the same rate until paid or until an action therefor is
        commenced;. but the wages shall not continue for more than 30

17           days.

18       62.    Numerous Class Members were employed by Nordstrom during the class period

19   and were thereafter terminated or resigned from their positions, yet they were not paid all

20   premium (overtime) wages due upon said termination or within 72 hours of said resignation of

21   employment therefrom. Said non-payment was the direct and proximate result of a willful refusal

22   to do so by Nordstrom.

23       63.    More than thirty days has elapsed since certain Class Members were involuntarily

24   terminated or voluntarily resigned from Defendant's employ.

25       64.    As a direct and proximate result of Defendant's willful conduct in failing to pay

26   said Class Members for all hours worked, affected Class Members are entitled to recover

27   "waiting time" penalties of up to thirty days' wages pursuant to Labor Code §203 in an amount

28   to be established at trial, together with interest thereon, and attorneys' fees and costs.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

## FIFTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
(California Business & Professions Code §§ 17200-17208)

65. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

66. Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

67. Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

68. Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

## RELIEF SOUGHT

1. WHEREFORE, the Representative Plaintiff, on behalf of herself and the proposed Plaintiff Class, pray for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

2. That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate subclasses under Code of Civil Procedure §382;

///
///

3.     That the Court declare, adjudge and decree that Defendant violated the overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Representative Plaintiff and Class Members;

4.     That the Court declare, adjudge, and decree that Defendant willfully violated its legal duties to pay overtime under the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

5.     That the Court make an award to the Representative Plaintiff and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

6.     That the Court make an award to the Representative Plaintiff and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

7.     That the Court declare, adjudge, and decree that the Representative Plaintiff and Class Members were, at all times relevant hereto, and are still, entitled to be paid overtime for work beyond 8 hours in a day and 40 in a week;

8.     That the Court make an award to the Representative Plaintiff and Class Members of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

9.     That the Court order Defendant to pay restitution to the Representative Plaintiff and the Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§17200-17208;

10.    That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code §17200, *et seq.*

11.    For all other Orders, findings and determinations identified and sought in this Complaint;

12.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    13.    For reasonable attorneys' fees, pursuant to California Labor Code §1194 and/or

2    California Code of Civil Procedure §1021.5; and;

3    14.    For costs of suit and any and all such other relief as the Court deems just and

4    proper.

5

6    Dated: December 17, 2010                    SCOTT COLE & ASSOCIATES, APC

7

8                                      By: _____

9                                           Matthew R. Bainer, Esq.
                                            Attorneys for the Representative Plaintiff
                                            and the Plaintiff Class
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-17-

COPY
BY FAX

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Matthew R. Bainer, Esq. (S.B. #230171)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
TELEPHONE NO: (510)891-9800    FAX NO: (510)891-7030
ATTORNEY FOR (Name): Plaintiff Faine Davis

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Davis v. Nordstrom, Inc.

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 17 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Sidney Alvarez

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC451594 |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): Five (5)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 17, 2010
Matthew R. Bainer, Esq
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

 **COPY**

 **BY FAX**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Davis v. Nordstrom, Inc. | BC451594 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 10-14   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performed required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070   Asbestos Property Damage<br>☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons<br>☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall)<br>☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270   Intentional Infliction of Emotional Distress<br>☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Davis v. Nordstrom, Inc. | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 2 of 4 |
|---|---|---|

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Davis v. Nordstrom, Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependant Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>Davis v. Nordstrom, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE | ADDRESS:<br>Address of Incident not Applicable; "Class Actions must be filed in the County Courthouse, Central District." |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY:<br>n/a | STATE:<br>n/a | ZIP CODE:<br>n/a |
|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>December 17, 2010</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT B

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/04/11 | | DEPT. 324 |
|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES    DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE    Reporter |

| 8:30 am | BC451594 | Plaintiff Counsel | |
| | FAINE DAVIS | | NO APPEARANCES |
| | VS | Defendant | |
| | NORDSTROM INC | Counsel | |
| | | | |
| | NON-COMPLEX (01-04-11) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
01-04-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 01-04-11

John A. Clarke, Executive Officer/Clerk


By: ___**KIN HILAIRE**_____
              K. HILAIRE


SCOTT COLE & ASSOCIATES, APC
Matthew R. Bainer, Esq.
1970 Broadway, Ninth Floor
Oakland, California  94612

MINUTES ENTERED
01/04/11
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 01/04/11 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC451594 | Plaintiff Counsel |
| | FAINE DAVIS | NO APPEARANCES |
| | VS | Defendant |
| | NORDSTROM INC | Counsel |
| | NON-COMPLEX (01-04-11) | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Daniel J. Buckley in Department 35 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 35 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page   1 of  2   DEPT. 324

MINUTES ENTERED
01/04/11
COUNTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV11- 609 PA (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) FAINE DAVIS | DEFENDANTS NORDSTROM, INC. |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Matthew R. Bainer, SBN220972 Hannah R. Salassi, SBN 230117 SCOTT COLE & ASSOCIATES, INC. 1970 Broadway, Ninth Floor, Oakland, CA 94612 Tel: 510-891-8900 | Attorneys (If Known) Julie A. Dunne, SBN 160544, Dominic J. Messiha, SBN 204544 Matthew J. Sharbaugh, SBN 260830 LITTLER MENDELSON, P.C. 2049 Century Park East, Fifth Floor, Los Angeles, CA 90067 Tel: 310.553.0308 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No | ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332(d), the Class Action Fairness Act of 2005.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | ☐ 240 Torts to Land | IMMIGRATION | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 462 Naturalization Application ☐ 463 Habeas Corpus-Alien Detainee ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV11 0609

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply: ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. VENUE:** (When completing the following information, use an additional sheet if necessary.)

a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington |

c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

| SIGNATURE OF ATTORNEY (OR PRO PER): | Date January 20, 2011 |
|---|---|
| Dominic J. Messiha | |

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical Codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com